PATRICK HEALEY *vs.* PERKINS MACHINE COMPANY.

Worcester.    September 29, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence*, Employer's liability. *Evidence*, Opinion: experts.

An experienced workman employed in a foundry, who was injured by the breaking of an emery wheel while he and a fellow workman were attempting to grind a heavy casting upon it, cannot be said as matter of law to have assumed the risk of such an injury because he continued to work for a few seconds after he saw that the emery wheel was "wobbling," it being a question of fact whether in so brief a time he appreciated the situation and comprehended the danger.

In an action by a workman in a foundry against his employer for personal injuries sustained from the breaking of an emery wheel while the plaintiff and a fellow workman were attempting to grind a heavy casting upon it, if there is evidence on which the jury can find that the accident was due to the irregular running of the emery wheel, which was caused by the overheating of the babbitt metal at its bearing, and that this overheating could not have happened in the few seconds of operation of the wheel immediately before the accident, it can be found that there was a defective condition of the machine that might have been discovered by efficient inspection.

At the trial of an action by a workman in a foundry against his employer for personal injuries sustained from the breaking of an emery wheel while the plaintiff and a fellow workman were attempting to grind a heavy casting upon it, after the plaintiff has testified that a few seconds before the accident he saw that the emery wheel was "wobbling," an expert, properly qualified, who has heard the plaintiff's testimony or has had it stated to him in some proper way, may be asked by the plaintiff, "What in your opinion caused that wobbling or shaking?"

In an action by a workman against his employer for personal injuries, negligence of a fellow workman which contributed to the accident is not a bar to the plaintiff's recovery unless such contributing negligence was the direct and proximate cause of the plaintiff's injury.

TORT for personal injuries sustained by the plaintiff on May 25, 1910, when employed as a workman in the defendant's foundry at Warren, from the breaking of an emery wheel while the plaintiff and one Harness, a fellow workman, were engaged in grinding down a heavy casting which was to be fitted as a rib on a tumbler, a machine used in the defendant's business; the declaration containing three counts, the first alleging a defect in the ways, works or machinery of the defendant, the second alleging negli-

gence of a superintendent, and the third, at common law, alleging negligence of the defendant in furnishing to the plaintiff a defective and unsuitable emery wheel for use in his work. A fourth count was added by amendment alleging a failure to warn the plaintiff of the dangers of his employment. Writ dated April 13, 1911.

In the Superior Court the case was tried before *Lawton,* J. The evidence is described in the opinion. The question, referred to in the opinion, which was asked a witness for the plaintiff, who had been qualified as an expert in regard to the manufacturing use of emery wheels and who had examined the emery wheel that caused the plaintiff's injury, was as follows: "What in your opinion caused that wobbling or shaking?" The defendant objected to the question, which was allowed by the judge subject to the defendant's exception.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon all the evidence in the case the plaintiff cannot recover, and the verdict must be for the defendant.

"2. The plaintiff cannot recover under count 3 of his declaration."

"4. There is no evidence in this case that any defective condition existed in any part of the machine on which the plaintiff was working longer than a few seconds, at least, before he was injured.

"5. If any negligent act of the plaintiff or the man Harness (the fellow workman) contributed in any way to the plaintiff's accident, the plaintiff cannot recover."

The judge refused to make these rulings. With the consent of the plaintiff he ruled that there could be no recovery on the first, second or fourth count of the plaintiff's declaration, and submitted the case to the jury on the third count "with proper instructions which were not excepted to, except the refusal to rule as above requested."

The jury returned a verdict for the plaintiff in the sum of $10,000, which the judge refused to set aside as excessive; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. C. Milton & C. Blair,* for the defendant.

*P. J. O'Connell & J. P. Halnon,* for the plaintiff.

Rugg, C. J. This is an action of tort to recover for personal injuries sustained by the plaintiff while in the employ of the defendant occasioned by the breaking of an emery wheel during an attempt by the plaintiff and a fellow workman to grind a heavy casting upon it.

There was evidence that the plaintiff was in the exercise of due care. He was an experienced man and might have been found to have been doing his work in the usual way.

It could not have been ruled as matter of law that the plaintiff assumed the risk because he continued to work a few seconds after he saw that the emery wheel was "wobbling." Whether he appreciated the situation and comprehended the danger in so brief a time was a question of fact for the jury.

The cause of the breaking of the emery wheel was not left wholly to conjecture, and might have been found to have been due to the negligence of the defendant. Under appropriate instructions (which it is stated in the exceptions were given) the jury might have decided that the cause of the irregular running of the emery wheel was the overheating of the babbitt metal at its bearing, a condition which had not changed substantially between the accident and the time of the examination by the witness who testified to that fact, which hardly could have happened in the few seconds of operation of the machine immediately before the accident, and which might have been discovered by efficient inspection. The defendant's first, second and fourth requests rightly were refused.

The exception to the question put to the expert witness for his opinion as to the cause of the "wobbling" of the wheel as testified to by the plaintiff must be overruled. It was not wrong substantially in form or substance. It may be assumed from the way in which the question is prefaced and appears in the exceptions either that the witness had heard the plaintiff's testimony or that in some proper way it was made the basis of the question or the essence of it was stated hypothetically to him. If his answer was irresponsive or incompetent the defendant should have moved to have it stricken from the case.

The defendant's fifth request was this: "If any negligent act of the plaintiff or the man Harness (the fellow workman) con-

tributed in any way to the plaintiff's accident, the plaintiff cannot recover." The defendant, in order to sustain its exception to the refusal to grant this request, must maintain that it ought to have been given essentially in the form requested, for the charge is not reported and it is said that proper instructions were given to which no exception was taken.

Plainly if the defendant in this request had omitted all reference to the fellow workman, it should have been given. The principle is too well settled to require the citation of authorities that where a plaintiff either by act or omission fails to use the precautions for his safety which ordinary prudence requires, and such failure contributes in any degree directly to cause the injury of which he complains, he cannot recover. In such case the law does not deal with degrees of negligence. This is a general principle of the law of negligence and is not confined to the relation of master and servant.

But it is not a correct statement of the law to say as a principle of universal application that if the negligence of a fellow servant in any way contributes to an injury a plaintiff is barred of recovery against the common master. The fellow servant rule does not go to that extent. If the direct and proximate cause of a plaintiff's injury is the negligence of his fellow servant, then he is barred of a recovery. But if the cause of the injury is the negligence of the employer or of some one for whose act he is responsible, then an employee injured thereby in the course of his employment while in the exercise of due care may recover, although a contributing cause of that injury is the negligence of a fellow servant. If the employer negligently furnishes a defective machine whereby injury is received by his workman laboring carefully in the course of his employment, then, although the negligence of a fellow workman contributes to that result the employer may be liable. Such contributing negligence does not absolve the employer from responsibility. In some instances this doctrine rests upon the rule of proximate cause and in others upon that of joint tortfeasors. *Cayzer* v. *Taylor,* 10 Gray, 274, 281. *Butler* v. *New England Structural Co.* 191 Mass. 397, 401. *Donovan* v. *Chase Shawmut Co.* 201 Mass. 357, 361.

That principle was applicable to reasonable views of the evidence in the case at bar. One important issue at the trial was the

cause of the breaking of the emery wheel. The plaintiff offered evidence tending to show that it was due to defects in its setting, so that it did not run true, but "wobbled." The defendant offered evidence tending to show that the emery wheel was in perfect running condition and that it broke because the plaintiff and his fellow workman, who were working together, allowed the heavy casting to come against the wheel in such a way as to break it. These were the respective contentions of the parties. It was open to the jury upon such conflicting evidence to find that the emery wheel was defective and that this was the proximate cause of the injury, and that the negligent conduct of the fellow workman in letting the weight of the heavy casting come against the wheel contributed in some degree to cause its breaking.

It follows that under the circumstances of this case the defendant's fifth request was denied rightly.

*Exceptions overruled.*